AO 472  (Rev. 3/86)  Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v

DELANI MOSI DeGRATE
_____/

CASE NO:  09-20022

### ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1)   There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

(2)   The Defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1)   There is a serious risk that the Defendant will not appear.

(2)   There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142, arguing that the presumption in favor of detention applies. I find the Government is correct and the presumption does apply as the Defendant faces more than 10 years potential custody for violations of the Controlled Substances Act. Having made this finding, I must next consider whether there is sufficient evidence to rebut the presumption in light of the factors set forth in subsection § 3142 (g).

As to the factors set forth in subsection (g)(1) and (g)(2), I find that the offense charged involves a narcotic drug, specifically crack cocaine. From the grand jury having returned an Indictment, I find there is a definite weight of evidence, at least probable cause, supporting the charges against the Defendant.

As to §3142 (g) (3), I find that the Defendant is currently 35 years of age and has been a lifelong resident of Saginaw. He has been residing with his girlfriend at an address on Arthur Street in Saginaw since he was paroled in September, 2008. However, the Defendant gave Pretrial Services an address on Lapeer Street during his initial interview. The Defendant was incarcerated between 1998 and 2006. Since July 2006, Defendant worked at a carwash owned by his father. Defendant also worked for one year for Vlasic Pickle, and as a garbage collector.

Pretrial Services notes that in the past the Defendant has abused codeine-based medications. He has also used cocaine for the last 15 years, and used cocaine only a few days before his arrest. Pretrial Services also reports that in the past the Defendant has used at least four different aliases, at least one alternate date of birth and two alternate Social Security numbers.

In July 1991, the Defendant pled guilty to attempted larceny from a person and was placed on probation for 24 months. In 1996, the Defendant was charged with a traffic offense

as well as a drug-related offense. He pled guilty to the use of marijuana and to driving while license suspended. The Defendant was placed on probation for six months and was incarcerated for a brief period. In September 1996, while on probation from the earlier charge, the Defendant was charged with a felony controlled substances. He pled guilty to attempted felony controlled substances less than 50 grams and sentenced to 40 to 60 months in prison. In May 1998, the Defendant was again charged with felony controlled substances less than 50 grams. He pled guilty to that charge, and was sentenced to 5 to 40 years imprisonment. He was ultimately discharged from parole on this and the 1996 charge in September 2008. In May 2005 the Defendant was again charged with felony controlled substances - possession of cocaine less than 25 grams. He pled guilty to misdemeanor controlled substances use and was sentenced to one year in jail and a fine. Review of the Indictment indicates that the Government correctly proffers that the conduct charged in this Indictment came little more than three months after the Defendant was paroled.

The Defendant invites the court to release him on bond with conditions, suggesting that he reside with a family member. Defense counsel also notes that charges similar to these were made in state court, that the Defendant was placed on bond and his family was willing to pledge property as part of the bond on those charges. As I view the circumstances of this case under the standards of the Bail Reform Act, I note that the family's willingness to post a property bond on the state charge clearly indicates that they are supportive. However, I am also required to note that pursuant to an Administrative Order, magistrate judges in this district are prohibited from issuing a property bond. More importantly, however, it is equally apparent from this record that the family has been unable to control the Defendant sufficiently to deter him from further criminal behavior. As a result, I cannot in good conscience accept the invitation proffered by defense counsel. The Defendant's repeated convictions for drug related crimes makes clear that he is a danger to the community. At least seven circuits and

a number of district courts all have held that continued drug dealing constitutes *per se* a danger to the community. *United States v. Milan*, 4 F.3d 1038, 1047 (2nd Cir. 1993); *United States v. Strong*, 775 F.2d 504, 507 (3rd Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *United States v. Portes*, 786 F.2d 758, 765 ((7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. De Leon*, 766 F.2d 77, 81 (2nd Cir. 1985); *United States v. Webb*, 238 F.3d 426, No. 00-6368, 2000 WL 1721060, * 1 (6th Cir. Nov. 6, 2000); *United States v. Kay*, 82 F.3d 415, No. 96-20058, 1996 WL 167512, *2 (5th Cir. Mar. 15, 1996) *United States v. Arroyo-Reyes*, 32 F.3d 561, No. 94-1535, 1994 WL 440654, *3 (1st Cir. (Puerto Rico) Aug. 15, 1994); *United States v. Pena-Ruiz*, 532 F. Supp. 2d 367, 369 (D. Puerto Rico, 2008); *United States v. Thomas*, No. 2008-0020, 2008 WL 2557997, *4, 2008 WL 2557997 (D. Vir. Isl. June 23, 2008); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, *2-3 (D. Kan. Mar. 26, 2008); *United States v. Hamlin*, No. 07-20274-03, 2007 WL 2225868, *2 (E.D. Mich. Aug. 1, 2007); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, *4 (D. Puerto Rico Dec. 4, 2007) *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, *5 (E.D. Pa. Apr. 9, 2002).

Defense counsel also argues that the Defendant is not a flight risk, stating that there is no history of failure to appear. While that is accurate, the Defendant has never before faced the potential for life imprisonment. The Government represents that if it chooses to file an enhancement of penalties, the Defendant may be facing mandatory life imprisonment. These factors constitute a set of incentives to flee never before faced by the Defendant. For all these reasons, I first find that the presumption in favor of detention has not been rebutted on the evidence presented. Further, even if it had been rebutted, I am unable to craft any

conditions or combination of conditions which would reasonably assure the safety of the community or the Defendant's appearance as required.  Accordingly, the Government's motion to detain will be granted.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

                                                    s/ Charles E. Binder
                                                    CHARLES E. BINDER
Dated: January 29, 2009                     United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller, served on Thomas DePrekel by first class mail, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.

Date: January 29, 2009                     By     s/Jean L. Broucek
                                                   Case Manager to Magistrate Judge Binder