UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THUMB TOOL AND ENGINEERING, INC.,

        Plaintiff,

                                          Case Number 09-10986-BC
v.                                         Honorable Thomas L. Ludington

GOLDEN ALUMINUM, INC., GOLDEN
ALUMINUM EXTRUSION - PLANT CITY,
LLC, and GAE PLANT CITY, LLC,

        Defendants.
_____ /

## ORDER DISMISSING APRIL 29, 2009 ORDER TO SHOW CAUSE

On March 17, 2009, Defendants Golden Aluminum, Inc., Golden Aluminum Extrusion - Plant City, LLC, and GAE Plant City, LLC removed Plaintiff Thumb Tool and Engineering, Inc.'s complaint to this Court. Defendants contend that this Court's subject matter jurisdiction is predicated on the diversity of the parties' citizenship. Dkt. # 1 at 2 (citing 28 U.S.C. § 1332(a)(1)).

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction . . . ." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). "It is well settled that as a matter of statutory construction, diversity of citizenship requires complete diversity between all plaintiffs on one side and all defendants on the other side." *Glancy v. Taubman Ctr., Inc.*, 373 F.3d 656 (6th Cir. 2004) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). A corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). The citizenship of a limited liability company, however, is determined in a different manner. *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F.App'x 731 732-33 (6th Cir. 2002) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) and *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980)). A limited

liability company's citizenship is derived from the citizenship of each of its members. *Id.*

Because the pleadings did not identify the citizenship of each member of the LLC defendants, the Court ordered Defendants to show cause why the Court retained subject matter jurisdiction over the complaint. Dkt. # 9 On May 11, 2009, Defendants responded to the Court's Order, indicating that no member of either LLC defendant is a citizen of Michigan for the purposes of diversity jurisdiction. Dkt. # 10. In light of the fact that Plaintiff is a citizen of Michigan, Defendants have satisfied their burden by demonstrating that complete diversity of the parties exists and that the Court retains subject matter jurisdiction over the complaint. *See Glancy v. Taubman Ctr., Inc.*, 373 F.3d 656 (6th Cir. 2004).

Accordingly, it is **ORDERED** that the April 29, 2009 Order to Show Cause [Dkt. # 10] is **DISMISSED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 1, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 1, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS