UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATED OF AMERICA,

        Plaintiff,

v.

        Case Number 09-20022
        Honorable Thomas L. Ludington

DELANI MOSI DEGRATE,

        Defendant.
_____ /

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

On January 15, 2009, law enforcement sought and obtained a warrant that authorized a search of a residence located at 1654 Cornelia Street in Saginaw, Michigan ("Cornelia residence"). The affidavit submitted in support of the search warrant alleged that information obtained from a confidential informant ("CI") was reliable because the CI previously provided information to law enforcement officials and the investigators corroborated the information by observing a controlled purchase of crack cocaine from Defendant Delani Mosi Degrate. The ensuing search yielded 133.38 grams of cocaine base, approximately 1.3 kilograms of marijuana, a semi-automatic rifle, more than $1,500.00 in cash, and items associated with narcotics.

On January 21, 2009, the grand jury indicted Defendant of possessing cocaine base with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1), possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c), and being a felon in the possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e).

On April 14, 2009, Defendant moved to suppress the evidence obtained from the search of the residence, arguing that the affidavit supporting the search warrant did not establish probable cause because the representation that the CI provided credible information in the past did not satisfy

the requirement for verification of the reliability of the CI.  The government asserts that the affidavit contains sufficient corroboration for the CI's information to sustain probable cause.  On June 29, 2009, the parties advanced oral argument.  For the reasons stated below, the Court will **DENY** the motion to suppress.

I

The warrant in question authorized a police search of the Cornelia residence on the suspicion that controlled substances and related items were present.  The affidavit in support of the warrant established probable cause by including a description of the "controlled" purchase accomplished by the CI.  It described the transaction, in relevant part, as follows:

> B)     Within the last 48 hours, a confidential informant (hereafter "CI"), made a controlled purchase of a quantity of crack cocaine from within the above described residence.  The CI was first searched for the presence of controlled substances and US currency with none being found.  The CI was provided with a quantity of pre-recorded BAYANET drug buy funds and was surveilled to the address.  The CI was seen to enter the location, remain for a short period of time and then exit.  The CI met with investigators at a pre-determined location and turned over the suspected crack cocaine to D. Tpr. Larrison.  The substance field tested positive for the presence of crack cocaine.  The CI stated that the cocaine had been purchased from a black male approximately 30 to 35 years old that goes by the name of "Doonie."  The CI advised that he she has previously seen an assault type rifle in the living room of the residence.  The CI further stated that he she observed the same rifle in the living room and "Doonie" had a semiautomatic pistol on his person the previous evening.  Prior to leaving the residence the CI was told by suspect "Doonie" that there was more crack cocaine available and to come back if the CI needed more crack cocaine.
>
> \* \* \*
>
> E)     The CI has provided this information based upon his personal knowledge.  Further, the CI is known to be reliable and the information provided because the CI has previously provided information to law enforcement officers regarding persons and places involved in the sale or distribution of illegal controlled substances and has engaged in activities which have resulted in the recovery of controlled substances.  Further, the information provided by the CI has been independently verified by the investigating officers to the extent possible.

Dkt. # 11-3 at 3-4. The affidavit also reflected the affiant having connected Defendant to the Cornelia residence by a check of the Saginaw Area GIS Authority. The affidavit also reflected the affiant's verification of the Defendant's past convictions for narcotics-related offenses through a criminal history check. *Id.* After review of the affidavit, the 70th District Court in Saginaw, Michigan authorized a warrant.

II

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation . . . ." U.S. Const. amend. IV. The Supreme Court has recognized that "probable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules" and adopted the "totality of the circumstances" test. *Illinois v. Gates*, 462 U.S. 213, 230-32 (1983). An affidavit in support of a warrant must provide the magistrate with a substantial basis for determining the existence of probable cause. *Id.* at 239. "A grudging or negative attitude by reviewing courts toward warrants, is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant courts should not invalidate . . . warrants by interpreting affidavits in a hypertechnical, rather than a commonsense, manner." *Gates*, 462 U.S. at 236 (quoting *United States v. Ventresca*, 380 U.S. 102, 108-09 (1965)). Thus, a court should show "great deference" to a magistrate's probable cause determination. *Id.*

A confidential informant's statements may establish probable cause if the affiant describes "with some detail" the informant's past reliability. *United States v. Jackson*, 470 F.3d 299, 307 (6th Cir. 2006) (quoting *United States v. McCraven*, 401 F.3d 693, 697 (6th Cir. 2005) (quoting *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000))). Likewise, additional investigation corroborating

the informant's allegations may also independently support a finding of probable cause. *Id.* Details of a controlled purchase observed by law enforcement is sufficient corroboration. *United States v. Coffee*, 434 F.3d 887, 894-95 (6th Cir. 2006). In *Coffee*, officers corroborated the informant's allegation of a narcotics purchase from the defendant by taking the following measures: controlling and observing the purchase, searching the informant for money or contraband, providing the informant with pre-recorded funds, observing the informant enter and exit the defendant's house, and observing and testing the crack cocaine purchased from defendant. *Id.* at 895.

Here, the affidavit describes the CI's past assistance leading to the confiscation of controlled substances. Defendant argues this statement was vague and did not establish the CI's credibility or reliability. Defendant, however, disregards the affiant's investigative efforts. Just as in *Coffee*, law enforcement corroborated the informant's statements by having the CI participate in a controlled purchase, which the investigators observed. Indeed, the affidavit described officers searching the CI, providing the CI with a pre-recorded funds, observing the CI arrive and depart from the Cornelia residence, and testing the substance to verify that is was indeed cocaine base. Such efforts sufficiently corroborated the CI's statements and the affidavit adequately demonstrated probable cause.

Defendant offers three arguments that are unpersuasive in this circumstance. First, Defendant contends that *United States v. Weaver*, 99 F.3d 1372 (6th Cir. 1996) and *United States v. Bryant*, 951 F.Supp. 674 (E.D. Mich. 1997) demonstrate that the affidavit did not establish probable cause. Each is distinguishable from the instant matter. In *Weaver*, the affiant's corroborative efforts only confirmed innocuous facts, e.g., the address or external appearance of the residence. *Id.* at 1376. In fact, had the affidavit included a description of a "controlled purchase

made with officers viewing," the affidavit would have established probable cause. *Id.* at 1377. Likewise, the court in *Bryant* was confronted with a circumstance where officers did not accomplish "meaningful corroboration." *Id.* at 679. Rather, further investigation only confirmed that the defendant was present at the residence. *Id.* In both cases, attempts to corroborate the informant's statements of unlawful conduct were superficial. In the present case, corroborative efforts were thorough and adequately buttressed the CI's statements.

Next, Defendant argues that the statement that the controlled purchase occurred "[w]ithin the last 48 hours" was vague and did not reasonably demonstrate when the controlled purchase occurred. The Court disagrees as warrants are to be interpreted in a "commonsense manner," not in a "hypertechnical" manner. *Gates*, 462 U.S. at 236. A fair reading of the affidavit indicates that the controlled purchase occurred within forty-eight hours of the application for the warrant.

Finally, Defendant argues that a field test is untrustworthy and does not support a finding of probable cause. Defendant has not offered any authority to support the proposition that a field test confirming a narcotic substance can not be included in an affidavit. In contrast, the court in *Coffee* noted that a field test bolstered a finding of probable cause. *Id.* at 895. Here, it was appropriate for the magistrate to consider the field test when finding probable cause.

Ultimately, the investigators' corroborative efforts sufficiently verified the CI's statements. Thus, the Court will deny the motion to suppress.

III

Accordingly, it is **ORDERED** that Defendant's motion to suppress [Dkt. # 11] is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: July 1, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 1, 2009.

                                                s/Tracy A. Jacobs
                                                TRACY A. JACOBS