UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                          Case No. 09-cr-20022
                                                       Honorable Thomas L. Ludington

v.

DELANI MOSI DEGRATE,

    Defendant.

_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

On October 28, 2009, an indictment was returned against Defendant Delani Mosi Degrate charging him with two-counts of drug trafficking and two firearms offenses. Count one of the third superseding indictment is the only count relevant to Defendant's motion. Count one alleged that Defendant possessed with intent to distribute more than 50 grams of cocaine base in the form of crack cocaine. (ECF No. 45).

The parties entered into a Rule 11 Plea Agreement which provided that Defendant would plead guilty to count one of the third superseding indictment. The parties stipulated that the count of conviction involved 134 grams of crack cocaine. The government agreed to amend the notice of penalty enhancement pursuant to 21 U.S.C. § 851 to reflect only one prior felony drug conviction which decreased Defendant's statutory sentence to 20 years to life, pursuant to 21 U.S.C. § 841(b)(1)(A). (ECF No. 50). The statutory minimum term of supervised release was 10 years.

Because Defendant had at least two prior qualifying convictions for controlled substance offenses, he was classified as a career offender under U.S.S.G. § 4B1.1, and his offense level

was 37. With a three-level reduction for acceptance of responsibility, Defendant's total offense level was 34 with a criminal history category VI, resulting in a guideline range of 262 to 327 months. (PSR ¶ s37-39, 54, 84). At the sentencing hearing on March 18, 2010, the Court adopted the guideline range in the presentence report and imposed a custodial sentence of 235 months to be followed by 10 years of supervised release. (ECF No. 53).

On April 23, 2019, Defendant filed a motion for a sentence reduction pursuant to the First Step Act of 2018. ECF No. 59. The government filed a response on May 25, 2019, and Defendant filed a reply on May 28, 2019. ECF Nos. 65-66.

## I.

Pursuant to Section 404(b) of the First Step Act, "a court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." P.L. 115-391, Section 404(b). In order to be eligible, the petitioner must have been sentenced prior to August 3, 2010 (the date of the enactment of the Fair Sentencing Act) for a "covered offense" as defined in the First Step Act.

As this Court explained in *Brown* (Case No. 07-cr-20195), the Act does not require a plenary resentencing proceeding. *See* P.L. 115-391, Sec. 404(c). ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Rather, courts have discretion to modify a sentence for eligible Defendants in response to a motion or on the court's own initiative. *See* P.L. 115-391, Section 404(b). Although the Act does not require a plenary resentencing proceeding, courts nevertheless consider the Section 3553(a) factors to determine whether a sentence modification is warranted. *See e.g. United States v. Boulding*, 2019 WL 2135494, at *6 (W.D. Mich. May 16, 2019); *United States v. Delaney*, 2019 WL 861418, at

*1 (W.D. Va. Feb. 22, 2019). Consideration of these factors is also consistent with United States Sentencing Commission's guidance.[1]

## II.

Defendant has a long criminal history which began at age 17. Defendant is now 46 years old with three children ages 28, 22, and 11. He has a long substance abuse history dating back to age 15. He has indicated a need for substance abuse treatment. He has no long-term employment history and no debt or income. His highest level of education is high school.

Defendant was sentenced on March 18, 2010 for possession with intent to distribute 50 grams of cocaine base. Therefore, he is eligible for a reduction under the First Step Act. Because of his status as a career offender under U.S.S.G. § 4B1.1, Defendant's offense level and corresponding guideline range remains unchanged after the First Step Act. His offense level of 34 (base offense level of 37 with a 3-level reduction for acceptance of responsibility) results in a guideline range of 262 to 327 months. Pursuant to Section 841(b)(1)(B) of the Fair Sentencing Act (now retroactively applicable via the First Step Act of 2018), the statutory minimum penalty for career offenders such as Defendant who are convicted of possession of less than 280 but more than 28 grams of cocaine base has been reduced from 20 years to 10 years.

The parties stipulate that Defendant's guideline range of 262 to 327 months has not changed, although his statutory mandatory minimum has been reduced from 20 years to 10 years, and his statutory minimum term of supervised release has been reduced from 10 years to 8 years pursuant to 841(b)(1)(B). The parties disagree as to whether, in light of these facts, he is "eligible" for a reduction, and whether a reduction is warranted.

---

[1] *See* First Step Act, United States Sentencing Commission, Office of Education and Sentencing Practice, 8 (Feb. 2019), https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP- Act.pdf.

The Court has discretion to reduce Defendant's sentence in this case. Pursuant to the first step act "a court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Had the Fair Sentencing Act been in effect at the time the offense was committed, the mandatory minimum sentence would have been 10 years, not 20. Pursuant to Section 3553(a)(3), a Court must consider not only the guideline range but also the statutory minimum and maximum penalties in reaching a sentencing decision. *See United States v. McCloud*, 730 F.3d 600, 610 (6th Cir. 2013) (explaining that consideration of "the kinds of sentences available" under 3553(a)(3) "necessarily includes the statutory minimum and maximum ranges."). The Court was required to consider the statutory minimum when imposing the initial sentence. That minimum has now changed. Accordingly, Defendant is a candidate for a discretionary reduction even though his guideline range has not changed.[2]

In addition to the amended statutory minimum, Defendant's post-sentencing conduct is a relevant consideration when reevaluating his sentence. *See Pepper v. U.S.* 562 U.S. 476 (2011) (holding that post-conviction behavior could be considered in the context of the Section 3553(a) factors during a resentencing following an appeal). Here, Defendant has produced evidence that he has been productive during his ten years of incarceration. He worked for 3.5 years as a Computer Data Processor at FCI Elkton and obtained a journeyperson apprenticeship in Computer Peripheral-EQ-OP. ECF No. 63. He maintained a clear record until December 2018 when he was disciplined for possession of a "hazardous tool" which, according to his counsel, was a cell phone.

In light of the foregoing, the Court concludes that a reduction is warranted. Defendant's

---

[2] Whether a discretionary reduction is appropriate is a distinct question.

term of imprisonment will be reduced from 235 months to 199 months, and his term of supervised release will be reduced from 10 years to 8 years.

Accordingly, it is **ORDERED** that Defendant's motion for a reduced sentence, ECF No. 59, is **GRANTED** in **PART**.

It is further **ORDERED** that Defendant's sentence is reduced from 235 months to 199 months.

It is further **ORDERED** that Defendant's term of supervised release is reduced from 10 years to 8 years.

The Court will enter a form order entitled "Order Regarding Motion for Sentence Reduction Under the First Step Act of 2018" consistent with this order.

Dated: August 30, 2019　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Delani Mosi Degrate** #42391-039, YANKTON FEDERAL PRISON CAMP, Inmate Mail/Parcels, P.O. BOX 700, YANKTON, SD 57078 by first class U.S. mail on August 30, 2019.

　　　　　　　　　　　　　　s/Kelly Winslow
　　　　　　　　　　　　　　KELLY WINSLOW, Case Manager