UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  Case No. 09-20022

v.                                     Honorable Thomas L. Ludington

DELANI MOSI DEGRATE,

        Defendant.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR COMPASSIONATE RELEASE**

On October 28, 2009, Defendant was indicted by a grand jury for one count of possession with intent to distribute crack cocaine, one count of possession with intent to distribute marijuana, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of felon in possession of a firearm. ECF No. 45. Defendant pled guilty to Count I. ECF No. 53. On March 23, 2010, he was sentenced to 235 months of incarceration and 10 years of supervised release. *Id.*

Defendant filed a pro se motion for compassionate release due to the spread of COVID-19. ECF No. 255. Due to mailing days caused by COVID-19, the motion was docketed on June 23, 2020, but in accordance with 20-AO-26, the postmark date of May 28, 2020 was used for the filing date.

**I.**

The United States is facing an unprecedented challenge with the coronavirus pandemic. The Governor of Michigan explained that:

> The novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death. It is caused by a new strain of coronavirus not previously identified in humans and easily spread from person to person. Older adults and those with

> chronic health conditions are at particular risk, and there is an increased risk of rapid spread of COVID-19 among persons in close proximity to one another. There is currently no approved vaccine or antiviral treatment for this disease.

Emergency Order 2020-21.

The Center for Disease Control and Prevention ("CDC") represents that jails and prisons pose an especially high risk for those who are within their walls. *See Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctr. for Disease Control, at 2 (Mar. 23, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf.[1] It further explains that "[t]here are many opportunities for COVID-19 to be introduced into a correctional or detention facility, including daily staff ingress and egress; transfer of incarcerated/detained persons between facilities and systems, to court appearances, and to outside medical visits; and visits from family, legal representatives, and other community members." CDC, *Guidance for Correctional & Detention Facilities*, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited June 12, 2020).

**II.**

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(1)(A) which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… if it finds that…extraordinary and compelling reasons warrant such a reduction…

---

[1] Ltr. from Sen. Richard J. Durbin et al. to Att'y Gen. William P. Barr et al., at 1(Mar. 23, 2020), available at https://www.durbin.senate.gov/imo/media/doc/Letter.%20to%20DOJ%20and%20BOP%20on%20COVID-19%20and%20FSA%20provisions%20-%20final%20bipartisan%20text%20with%20signature%20blocks.pdf ("Conditions of confinement do not afford individuals the opportunity to take proactive steps to protect themselves, and prisons often create the ideal environment for the transmission of contagious disease.").

18 U.S.C. §3582(c)(1)(A)(i)

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust their administrative remedies with the Bureau of Prisons or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

In his motion for compassionate release, Defendant asserts that he "is in the process of exhausting his administrative remedies, but every inmate so far, that's known, that has tried to exhaust their administrative remedies have been almost put in a limbo by getting the response of, if not meeting certain criteria, they are not a priority at this time at Yankton Federal Prison Camp. Timely relief is imperative when considering a person's safety and well-being." ECF No. 69 at PageID.256. While the Court is aware of the time sensitive nature of Defendant's request, the Sixth Circuit has clearly stated that Defendants must first seek release from the Bureau of Prisons rather than come directly to the courts. Defendant has admitted that he did not exhaust his administrative remedies prior to filing his motion. Defendant's motion for compassionate release will be denied without prejudice due to his failure to exhaust his administrative remedies with the BOP.

- 4 -

Accordingly, it is **ORDERED** that Defendant's motion for compassionate release, ECF No. 69, is **DENIED WITHOUT PREJUDICE**.

Dated: June 26, 2020  　　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Delani Mosi Degrate** #42391-039, YANKTON FEDERAL PRISON CAMP, Inmate Mail/Parcels, P.O. BOX 700, YANKTON, SD 57078 by first class U.S. mail on June 26, 2020.

　　　　　　　　　　　　　　　　　s/Kelly Winslow
　　　　　　　　　　　　　　　　　KELLY WINSLOW, Case Manager

Case 1:09-cr-20022-TLL-CEB ECF No. 70 filed 06/26/20 PageID.264 Page 4 of 4