UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 09-cr-20022

v.                                              Honorable Thomas L. Ludington

DELANI MOSI DEGRATE,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE AND DENYING DEFENDANT'S REQUEST FOR APPOINTMENT OF COUNSEL AS MOOT**

On October 28, 2009, Defendant was indicted by a grand jury for one count of possession with intent to distribute crack cocaine, one count of possession with intent to distribute marijuana, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of felon in possession of a firearm. ECF No. 45. Defendant pled guilty to Count I. ECF No. 53. On March 23, 2010, he was sentenced to 235 months of incarceration and 10 years of supervised release. *Id.* He is currently incarcerated at Safford FCI.

Defendant filed a pro se motion for compassionate release due to the spread of COVID-19. ECF No. 69. Due to mailing days caused by COVID-19, the motion was docketed on June 23, 2020, but in accordance with 20-AO-26, the postmark date of May 28, 2020 was used for the filing date. His Motion was denied without prejudice for failure to exhaust his administrative remedies. ECF No. 70.

On March 1, 2021, Defendant filed a second motion for compassionate release. ECF No. 71. He included evidence of his request for compassionate release from the BOP. *Id.* at PageID.279. The Government timely responded and Defendant filed three reply briefs. ECF Nos.

72, 73, 74, 75. Accordingly, his Motion is ripe for resolution and will be denied for the following reasons.

**I.**

The United States is facing an unprecedented challenge with the novel coronavirus ("COVID-19") pandemic.

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized

by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

**A.**

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 960 F.3d 831, 835–36 (6th Cir. 2020).

Defendant requested compassionate release from the BOP on January 14, 2021. ECF No. 71 at PageID.279. On February 2, 2021, his request was denied. *Id.* He has exhausted his administrative remedies.

**B.**

The next issue is whether sentence reduction is warranted by "extraordinary and compelling reasons." Because Defendant brings this Motion on his own behalf, § 1B1.13 is "inapplicable," and "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release." *Jones*, 980 F.3d at 1109. Accordingly, courts of this circuit are no longer confined to the considerations outlined in the policy commentary when determining if a defendant's request is extraordinary and compelling, such as whether an inmate suffers from a "terminal illness" or "serious physical or medical condition." U.S.S.G. § 1B1.13 cmt. n.1.

Despite the lack of express guidance, *Jones* suggests that an inmate may have an extraordinary and compelling reason for release where he suffers from a medical condition identified as a risk factor for COVID-19. *See Jones*, 980 F.3d at 1102 n.6 (holding that inmate's prior exposure to tuberculosis "could be considered an extraordinary and compelling reason for compassionate release" because it "put him at risk of contracting the virus" or "serious long-term health problems" if he had already contracted it). Courts considering the issue post-*Jones* have agreed. *See*, *e.g.*, *United States v. Rucker*, No. 17-20716, 2020 WL 7240900, at *2 (E.D. Mich. Dec. 9, 2020) (HIV and asthma) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. White*, No. 18-20183, 2020 WL 7240904, at *3 (E.D. Mich. Dec. 9, 2020) (BMI of 45.9) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. Crowe*, No. CR 11-20481, 2020 WL 7185648, at *3 (E.D. Mich. Dec. 7, 2020) (latent tuberculosis, hyperlipidemia, obesity).

More recently, the Sixth Circuit affirmed the denial of compassionate release based on a two-part test for extraordinary and compelling reasons. *See Elias*, 984 F.3d at 520. Under the two-

part test in *Elias*, the risk of contracting COVID-19 constitutes an extraordinary and compelling reason "(1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak."[1] *Id.* (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020)). The Sixth Circuit also held that the district court, in evaluating the movant's medical conditions, "properly considered the CDC guidance that was in effect at the time," given that "[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions." *Id.* at 521.

Defendant argues that "[t]he risk of infection and accelerated transmission of covid-19 within prison is extraordinary [sic] high." ECF No. 71 at PageID.269. He indicates that he was diagnosed with COVID-19 and is "constantly having headaches and a bit of short term memory but medical say I recovered." *Id.* [sic throughout]. Defendant's medical records indicate that he suffers from ulcerative colitis and hypertension. *Id.* at 284–87. The Government counters that Defendant is 47 years old and contends that he has no chronic conditions that increase his susceptibility to severe illness from COVID-19. ECF No. 72. The Government argues that both medical conditions are in remission and resolved. *Id.* at PageID.301–02.

The Sixth Circuit has previously held that "generalized fears of contracting Covid-19, without more, do not constitute a compelling reason" for compassionate release. *United States v. Ramadan*, 2020 WL 5758015 at *2 (6th Cir. Sept. 22, 2020). While it is true that the CDC provides that hypertension is likely to increase Defendant's risk of severe infection from COVID-19, there are no active cases of COVID-19 at Safford FCI for inmates or staff. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

---

[1] Consistent with *Jones*, the court emphasized that district courts need not apply this definition but that it is within their discretion to do so. *Elias*, 984 F.3d at 521 n.1.

precautions/people-with-medical-conditions.html [https://perma.cc/H5V2-VW9N] (last visited April 20, 2021); *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus [https://perma.cc/A4BD-UKJB] (last visited April 20, 2021). Further, 112 inmates and 92 staff members at Safford FCI have been fully vaccinated. *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus [https://perma.cc/A4BD-UKJB] (last visited April 20, 2021).

Without minimizing Defendant's fears, his allegations of continued headaches after his COVID-19 diagnoses and his alleged hypertension, when combined with only one active case of COVID-19 and 112 inmates and 92 staff members fully vaccinated, does not create an extraordinary and compelling reason for release. *Elias*, 984 F.3d at 520–21 (holding that district court did not abuse its discretion where it applied two-part test considering whether "defendant is at high risk of having complications from COVID-19" and whether "the prison where the defendant is held has a severe COVID-19 outbreak").

Based on the foregoing, Defendant has not demonstrated an extraordinary and compelling reason for release. Consequently, this Court declines to consider whether the § 3553 factors would warrant a sentence reduction. *See Elias*, 984 F.3d at 519. Defendant's Motion for Compassionate Release will be denied.

To the extent that Defendant's "yes" checkmark in response to the statement, "I request an attorney be appointed to help me," in his Motion is a request for appointment of counsel, his request will be denied as moot. ECF No. 71 at PageID.276.

## II.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 71, is **DENIED WITH PREJUDICE**.

It is further **ORDERED** that Defendant's request for appointment of counsel is **DENIED** as moot.

Dated: May 7, 2021

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge