UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING** |
| *Plaintiff,* | |
| v. | |
| | CASE NUMBER: 09-20022 |
| DELANI MOSI DEGRATE, | |
| *Defendant.* | |

### I.   Procedural background

On March 23, 2010, a Judgment was entered by U.S. District Judge Thomas L. Ludington, committing Defendant to the Bureau of Prisons for a term of 235 months incarceration for Possession with Intent to Distribute Crack Cocaine under 21 U.S.C. §§ 841(a)(1). (ECF No. 53.)

On March 20, 2023, Defendant was brought before the court for a detention hearing on an alleged violation of supervised release conditions pursuant to an Order with petition for issuance of warrant and warrant for arrest issued by U.S. District Judge Thomas L. Ludington. (ECF Nos. 77 & 78.)

Defendant was informed of the following rights:

(1) the right to receive written notice of violation(s) and Defendant acknowledged receipt of the same;
(2) the right to hearings conducted by the sentencing Judge to determine if Defendant is guilty of the alleged violations;
(3) the right to retain counsel or to request that counsel be appointed if Defendant cannot afford counsel;
(4) if Defendant is held in custody, the right to a prompt preliminary hearing to determine if probable cause supports the alleged violations under FED. R. CRIM. P. 32.1(a)(3) and (b)(1); Defendant was also informed that this preliminary hearing may be waived.

Counsel for Defendant was present at the detention hearing and indicated that Defendant desired to waive a preliminary hearing under Rule 32.1(b)(1). Defendant was questioned and confirmed counsel's indications.

## II. Detention or release standards

As to detention or release, Rule 32.1(a)(6) provides that the magistrate judge may release or detain the defendant under 18 U.S.C. § 3143(a) (the Bail Reform Act) pending further proceedings.

Under 18 U.S.C. § 3143(a)(1), the court **shall order the defendant be detained unless** persuaded by clear and convincing evidence that the defendant is not likely to flee or pose a danger if released under § 3142(b) or (c). Under FED. R. CRIM. P. 32.1(a)(6) "[t]he burden of establishing that the person will not flee or pose a danger to any person or to the community rests with the person."

## III. Detention findings

In the instant case, Defendant's underlying conviction was for possession with intent to deliver cocaine. Defendant has a lengthy history of continuous criminal behavior, including one prior attempted delivery of a controlled substance and three delivery or possession with intent to deliver controlled substances convictions. Within days of being placed on supervised release for another controlled substance conviction in this court, and only a few hours afte4r having been visited by his probation officer, Defendant was arrested for the possession with intent to deliver cocaine, after having been found with around 400 g of cocaine in his car. For these reasons and those stated on the record, I am not persuaded by clear and convincing evidence that Defendant is not likely to flee or pose a danger if released under § 3142(b) or (c).

## IV. Order

I **ORDER** the detention of the defendant without bail pending his supervised release violation hearing on June 22, 2023 at 2:00 p.m. before District Judge Thomas L. Ludington.

Date: March 20, 2023

/S PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge